```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  04/26/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

WHITNEY REYES,

                              Plaintiff,

            -against-

UNITED STATES OF AMERICA,

                              Defendant.

-------------------------------------------------------------------

**OPINION & ORDER ON
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT**

**19-CV-5325 (KHP)**

**KATHARINE H. PARKER, United States Magistrate Judge**

        Plaintiff Whitney Reyes commenced this action against Defendant United States based

on an incident involving the United States Postal Service, an agent of Defendant, on June 14,

2019.  Plaintiff alleges that Defendant's negligence caused a collision between the postal truck

and a vehicle in which she was a passenger, causing her physical injury and mental anguish.

Defendant moves for summary judgment pursuant to Federal Rule of Civil Procedure 56 ("Rule

56").  (Def.'s Mot. Summ. J., ECF No. 28 (hereinafter the "Motion").)  For the reasons below, the

Motion is GRANTED.

## FACTUAL BACKGROUND

   On May 8, 2018, Ms. Reyes ordered a car from the ridesharing company Uber (hereinafter,

"the Uber") to pick her up from her apartment on Jerome Avenue, near the intersection of

Jerome Avenue and E. 164th Street in the Bronx, New York.  (Ex. A to Decl. of Lucas Issacharoff

at Tr. 24:8-23, ECF No. 31-1 ("Reyes Dep.").)  Jerome Avenue is a two-way street with two lanes

of traffic moving in either direction and street parking on both sides.  (*Id.* at 21:21-22:2.)  On

the morning of May 8, 2018, the Uber was stopped in the right lane of traffic, next to a lane of

parked cars, to pick up Ms. Reyes.  (*Id.* at 22:3-7, 17-20.)  The collision occurred as Ms. Reyes

was entering the vehicle on the driver's side.  (*Id.* at 22:25-23:12.)

According to Ms. Reyes, "right when [she] grabbed the door to close it, that's when the

truck had hit the door."  (*Id.* at 21:3-4.)  She had just gotten into the Uber and had not yet put

on her seatbelt at the time of impact.  (*Id.* at 23:13-16.)  She did not see the postal truck.

"When it happened, I was not focused on nothing. . . . I got in the car and I was focused on

closing the door so I could get to school.  Right when I was closing the door, that's when the

truck pulled up."  (*Id.* at 22:8-16.)  She testified that the postal truck was not beside the Uber

when she opened the door but pulled up alongside the Uber when she was closing the door.

(*Id.* at 25:12-18.)

According to Ms. Reyes, before stepping off the curb to walk around the back side of the

Uber, she looked to her left to check for oncoming traffic and did not see any approaching

vehicles.  (*Id.* at 26:7-14.)  Determining there was "no danger," Ms. Reyes stepped off the

sidewalk, walked around the back of the Uber vehicle to the driver's side, and opened the

passenger door.  (*Id.* at 26:15-19.)  Ms. Reyes entered the vehicle, sat down, and as she was

attempting to close the door, the postal truck struck the door.  (*Id.* at 28:6-10.)  According to

Ms. Reyes, less than 30 seconds passed between the time that she walked around the car and

the collision.[1]  (*Id.* at 42:11-20.)

---

[1] *See also* Reyes Dep. at 42:11-20 ("Q. And I understand this is going to be a little bit of a guess, but what would be
your best estimate of how long it took from the moment you stepped around behind the Uber to when the
accident was, how many seconds approximately?  A. I walked back -- I'm a fast walker. But I was already late so I
guess I was walking faster and from the time when I was walking around the Uber to get into my seat, it was at
least less than 30 seconds.")

The Uber suffered minimal damage to its left rear passenger door frame.  The police report indicates that the rear passenger side of the postal truck collided with the Uber's rear driver-side door and that there was minimal damage to the postal truck.  (Ex. B to Decl. of Lucas Issacharoff at Tr. 11:5-13:19; 18:1-19:4, ECF No. 31-2 ("Gomez Dep."); *see also* Reyes Dep. at 29:1-12.)  The police report indicates "no injuries" which, according to the police officer who made the report, meant everyone involved refused medical attention at the scene.  (Gomez Dep. at 15:2-23.)  There are no photos of the accident.  There is no deposition testimony from the driver of the postal truck.  There is no deposition testimony from the driver of the Uber or the other passenger in the Uber at the time of the collision.[2]

According to Defendant, when entering the Uber, Ms. Reyes opened the door at a time when it was not reasonably safe to do so in violation of New York Vehicle & Traffic Law § 1214 ("VTL").  (Motion at 4.)  Defendant alleges that it is not liable because Ms. Reyes' violation of § 1214 constitutes negligence per se, and that this negligence was the sole cause of the accident.  (*Id.*)  Defendant moves for summary judgment on this basis.

## LEGAL STANDARDS

### A. Motions for Summary Judgment Under Federal Rule of Civil Procedure 56

Granting summary judgment under Rule 56 is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is

---

[2]  Defendant proffered the deposition of Anthony Gomez, the police officer who responded at the scene, who testified about completing his accident report and recording the area of impact on the vehicles.  The police report is admissible under the business record exception to the hearsay rule.  *See* Fed. R. Evid. 803(6).  However, as Plaintiff correctly notes, the statement of the postal truck driver recorded within the police report is inadmissible hearsay and, accordingly, the Court has not considered the statement in connection with this motion.  *See* Fed. R. Evid. 801.

entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)).  There exists a genuine issue of material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In determining whether a genuine issue of material fact exists, the court is required to construe any ambiguities and draw all factual inferences in favor of the non-moving party in order to determine whether a genuine issue of material fact exists. *Id*. at 255.  However, the non-moving party "may not rest upon mere conclusory allegations or denials, but must bring forward some affirmative indication that his version of relevant events is not fanciful." *Podell v. Citicorp Diners Club, Inc.*, 112 F.3d 98, 101 (2d Cir. 1997) (cleaned up); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (a nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts").  Summary judgment is warranted and should be granted if the Court concludes that "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, [and thus] there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted).

**B. New York Negligence Law**

Because the instant action is before the Court under the Federal Tort Claims Act ("FTCA"), state substantive law controls.  *See Ryan v. United States*, No. 15-cv-248 (GHW), 2015 WL 7871041, at *4 (S.D.N.Y. Dec. 3, 2015) ("The FTCA directs courts to consult state law to determine whether the government is liable for the torts of its employees.") (internal quotation marks omitted).  Thus, the Court looks to New York substantive law. *Id.*

Plaintiff contends that Defendant was negligent in driving the postal truck and causing the accident. To prove this claim, Plaintiff "must demonstrate the existence of a duty, the breach of which may be considered the proximate cause of the damages suffered by the injured party." *Becker v. Schwartz*, 46 N.Y.2d 401, 410 (1978). In New York, "it is the duty of [] drivers to operate their automobiles with reasonable care, taking into account the actual and potential dangers existing from weather, road, traffic and other conditions." *Peralta v. Quintero*, 20 F. Supp. 3d 462, 464 (S.D.N.Y. 2014). A driver also has a duty to see what should have been seen through the proper and ordinary use of his or her senses. *See Thomas v. O'Brien*, Nos. 08-cv-3250 (RLM) & 08-cv-3448 (RLM), 2010 WL 785999, at*3 (E.D.N.Y. Feb. 26, 2010); *see also Miller v. Richardson*, 852 N.Y.S.2d 530, 532 (4th Dep't 2008) (holding that defendant "was negligent in failing to see that which, under the circumstances, [s]he should have seen").

There can be more than one proximate cause of an accident, and liability can be apportioned among parties based on New York's comparative negligence rubric. *See Matter of Buchanan Marine, L.P.*, 874 F.3d 356, 369 (2d Cir. 2017); *Custodi v. Town of Amherst*, 20 N.Y.3d 83, 87 (N.Y. 2012); *see also* N.Y.C.P.L.R. §1411. Here, Defendant argues that Plaintiff was the sole proximate cause of the accident based on her asserted violation of VTL § 1214, which states:

> No person shall open the door of a motor vehicle on the side available to moving traffic unless and until it is reasonably safe to do so, and can be done without interfering with the movement of other traffic, nor shall any person leave a door open on the side of a vehicle available to moving traffic for a period of time longer than necessary to load or unload passengers.

New York courts have recognized that, as a general matter, a person who opens a vehicle door into the path of oncoming traffic violates VTL § 1214 and is therefore negligent. *See Perez v.*

*NYC Transit Auth*., No. 307598-13, 2017 WL 1437852, at *2 (N.Y. Sup. Ct. Mar. 23, 2017) (collecting cases).

In car accident cases, there is often an issue of fact relating to both plaintiff's and defendant's comparative negligence, rendering summary judgment inappropriate. *See*, *e.g.*, *Rios v. Nicoletta*, 500 N.Y.S.2d 730 (2d Dep't 1986) (holding that a grant of summary judgment is inappropriate when there are questions as to a plaintiff's comparative negligence). Nonetheless, where the record reflects that one party's negligence was the sole proximate cause of an accident, courts will grant summary judgment. *See, e.g., Gray v. Wackenhut Services, Inc.*, 446 F. App'x 352, 354 (2d Cir. 2011) (affirming grant of summary judgment where undisputed evidence showed that Plaintiff drove into a barrier in violation of VTL § 1162); *Perez*, 2017 WL 1437852 at *2 (granting summary judgment to defendant when evidence demonstrated that plaintiff driver, who opened his car door next to a lane of approaching traffic causing the door to impact the middle right side of a bus driving past, was the sole proximate cause of accident). Relatedly, where the undisputed evidence establishes that a defendant was not negligent in the operation of his/her motor vehicle, summary judgment is appropriate. *See Perez*, 2017 WL 1437852 at *2 (citing *Dinham v Wagner*, 851 N.Y.S.2d 535, 536 (1st Dep't 2008)). However, "[o]nly where negligence and causation are clear, should proximate cause be determined at the summary judgment phase." *Hidalgo v. Winding Road Leasing Corp.*, No. 12-cv-388 (RER), 2013 WL 1934073, at *4 (E.D.N.Y. May 9, 2013).

## DISCUSSION

Here, Plaintiff suggests that the postal truck driver should have seen her entering the Uber and could have avoided the accident. Defendant argues that the undisputed evidence

demonstrates that Plaintiff violated VTL § 1214, thereby establishing that Plaintiff was negligent per se and negating her contention that the postal truck driver's conduct was a proximate cause of the accident.  Defendant also argues there is no evidence in the record from which a reasonable juror could find that Defendant was negligent or comparatively negligent.

Thus, the question before the Court is whether, when drawing all reasonable inferences in favor of Plaintiff, a reasonable juror could find that Plaintiff's conduct was not the sole cause of the accident?

The undisputed evidence shows that Plaintiff opened the door of the Uber on the side available to moving traffic; Plaintiff did not see the postal truck until the moment of impact; less than 30 seconds passed between the time Plaintiff stepped off the curb, walked behind the Uber, opened the door, got in the back driver-side seat, and began to close the door before impact; the door Plaintiff had opened and was attempting to close came in contact with the rear passenger side of the postal truck; because she was late for school "[w]hen [the accident] happened, [Plaintiff] was not focused on nothing [sic] . . . .  [Plaintiff] got in the car and [] was focused on closing the door so [she] could get to school."  (Reyes Dep. at 22:12-15.)  There is no question that this evidence demonstrates that Plaintiff violated VTL § 1214, particularly when the point of impact is considered together with the circumstances of Plaintiff rushing to get to school and not being focused on the traffic in the lane adjacent to the Uber.  That there was sufficient time for her to open the door but not shut it demonstrates that it was not reasonably safe to attempt to enter the Uber on the side of moving traffic when she did.

It is true there is no information as to the speed of traffic in the lane of traffic where the postal truck was driving or whether the driver saw Plaintiff opening the door and entering the

Uber.  Plaintiff faults Defendant for the absence of this evidence, but it is Plaintiff's burden to

prove negligence of the driver and she could have noticed his deposition during discovery.  It

also is Plaintiff's obligation to point to evidence in the record from which a reasonable juror

could conclude that the Defendant was negligent or that Plaintiff was not negligent.  Conclusory

assertions that Defendant's negligence was the sole or contributory cause of the accident are

insufficient to avoid summary judgment.

   Plaintiff argues that summary judgment is not appropriate because Defendant has failed

to demonstrate that the postal driver was not negligent.  But, as New York courts have

recognized, a defendant may obtain summary judgment by demonstrating the plaintiff's

conduct was the sole proximate cause of the accident and an absence of evidence on the

defendant's negligence.  *See Allison v. Rite Aid Corp.*, 812 F. Supp. 2d 565, 568 (S.D.N.Y. 2011)

(finding that violation of a statute imposing  a specific duty constitutes negligence per se);

*Perez*, 2017 WL 1437852 at *4 (granting summary judgment where defendant established

prima facie entitlement to summary judgment based on plaintiff's violation of VTL § 1214 and

there was an absence of evidence from which a jury could conclude that defendant also was

negligent); *Williams v. Persaud*, 798 N.Y.S.2d 495 (2d Dep't 2005) (granting judgment as a

matter of law to defendant where the evidence established that plaintiff violated VTL § 1214 by

opening her door on the side adjacent to moving traffic and there was nothing in the record to

demonstrate that defendant was negligent).  That is precisely the basis on which Defendant

seeks summary judgment here.

   Finally, Plaintiff suggests based on the circumstances of the accident to which she

testified – that she was able to complete the act of opening the door and get into the back of

the Uber before the door collided with the postal truck – that a reasonable juror could conclude it was reasonably safe to open the door and sufficient time for the postal truck driver to see Plaintiff and avoid the collision.  Plaintiff also suggests that absent evidence about how long the door was open prior to the collision, a violation of VTL § 1214 is not established as a matter of law.  *See Perez*, 2017 WL 1437852 *2 ("[W]hen there is evidence that the proximate cause of an accident is defendant's negligence, in that despite a violation of VTL § 1214, defendant could have avoided the accident and failed to do so, summary judgment ought to be denied.").

But, Plaintiff fails to point to evidence from which a reasonable juror could conclude that Plaintiff was not negligent in opening the Uber door on the side of moving traffic.  As to the timing surrounding the incident and whether it suggests negligence on the part of Defendant, it is undisputed that Plaintiff was rushing to get to school and within 30 seconds stepped around the back of the Uber, opened the door, got into the car and began to close the door at the time of impact.  Thus, the door was open less than 30 seconds, with Plaintiff's body necessarily blocking the door while she was opening it and entering the Uber.  On Plaintiff's telling, only a few seconds could have passed after she entered the car and began to shut it where the open door might have been seen by the postal truck driver.  However, there is no evidence as to where the postal truck was situated at the time Plaintiff was opening the door and entering the car.  Plaintiff herself testified that she did not see the truck before impact.  If anything, the location of impact suggests that the postal truck was driving past the Uber at the time Plaintiff began opening the door.  Thus, the timing of the incident as described by Plaintiff is insufficient evidence from which a reasonable jury could conclude that the postal truck driver could have seen what Plaintiff was doing and acted to avoid a collision or that it was safe to attempt to

enter the Uber on the side of moving traffic.  While Plaintiff speculates that the Defendant driver could have seen her opening the door, this is not a substitute for the evidentiary proof needed to establish the existence of a material issue of fact to defeat summary judgment.

An analysis of similar cases makes clear that Plaintiff must point to some evidence from which a reasonable jury could conclude that she was not negligent and the sole proximate cause of the accident or that the Defendant was also negligent to avoid summary judgment. *Compare Rincon v. Renaud*, 131 N.Y.S.3d 75 (2d Dep't 2020) (granting summary judgment because passenger failed to provide a nonnegligent explanation for opening the door in violation of VTL § 1214 and hitting passing bicyclist); *Gonzalez v. O Tembelis Trans. Inc.*, 124 N.Y.S.3d 779 (Mem.) (1st Dep't 2020) (reversing denial of summary judgment where defendant established prima facie entitlement to judgment as a matter of law by showing plaintiff violated VTL § 1214 by opening door of taxi on moving side of traffic after front of bus had passed and plaintiff failed to raise a triable issue of fact as to bus driver's negligence); *Smith v. City of New York*, 114 N.Y.S.3d 220 (Mem.) (1st  Dep't 2020) (finding defendant had established prima facie entitlement to judgment as a matter of law by showing plaintiff violated VTL § 1214 by opening car door into oncoming traffic when it was not safe; plaintiff's testimony that passenger was in process of closing the door when it was struck found insufficient to raise a triable issue of fact since plaintiff was unable to state how far the door was open at impact; plaintiff did not submit photos or testimony from the passenger to support theory that bus struck his car); *Perez*, 2017 WL 1437852 (granting summary judgment where evidence made clear that most of bus had passed the car before making impact with open door, also making clear that plaintiff failed to see what he should have seen before opening the door); *Tavarez v. Castillo Herrasme*, 31

N.Y.S.3d 871 (Mem.) (1st Dep't 2016) (granting summary judgment to plaintiff where affidavit made clear that defendant opened door into moving traffic without time for plaintiff to avoid accident; defendant's failed to submit evidence sufficient to raise an issue of fact as to whether defendant driver violated VTL § 1214 or whether plaintiff could have avoided the accident); *Perez v. Steckler*, 2016 WL 3370405 (N.Y. Sup. Ct. 2016) (granting summary judgment where plaintiff opened car door on side of moving traffic and was "immediately" struck by defendant's vehicle before plaintiff could fully open the door), *aff'd* 66 N.Y.S.3d 137 (Mem.) (1st Dep't 2018); *Abbas v. Salavel*,  900 N.Y.S.2d 893 (2d Dep't 2010) (affirming grant of summary judgment to defendant where plaintiff attempted to enter his parked car on the side of moving traffic and door made contact with the rear portion of defendant's truck; holding that plaintiff's affidavit in which he averred that the truck moved to the right as it passed his car was insufficient to avoid consequences of earlier deposition testimony and insufficient to raise triable issue of fact); *Montesinos v. Cote*, 848 N.Y.S.2d 329 (2d Dep't 2007) (granting summary judgment where plaintiff attempted to exit vehicle and driver's door made contact with rear of passing truck); *Williams*, 798 N.Y.S.2d at 495 (granting summary judgment where plaintiff opened driver-side door and struck rear of defendant's passing vehicle); *Burrus v. N.Y.C. Transit Authority*, 41 N.Y.S.3d 718 (Table) (Sup. Ct. 2016) (granting summary judgment to defendant based on video showing plaintiff opened door of car into rear door of passing bus; no doubt that plaintiff was sole proximate cause) *with Paulino v. MTA Bus Co*., 136 N.Y.S.3d 879 (Mem.) (1st Dep't 2021) (affirming denial of summary judgment; sufficient evidence of comparative negligence including that plaintiff opened door of car when traffic was stopped and there was sufficient room for cars to pass without hitting plaintiff or his car, as well as evidence that bus

struck plaintiff's back and the edge of the car door and potentially could have seen the plaintiff before moving bus forward); *Sayed v. Aviles*, 900 N.Y.S.2d 122 (2d Dep't 2010) (denying summary judgment because factual dispute whether plaintiff, who opened door on side of moving traffic, had on his hazard lights on such that the defendant driver should have seen the open door and avoided accident); *Ferguson v. Gassman*, 645 N.Y.S.2d 331 (2d Dep't 1996) (denying summary judgment based on evidence about speed of defendant's car from which a reasonable juror might conclude that the defendant could have stopped before hitting the door of a taxi that was opening into lane of moving traffic); *Bunjaj v. White*, No. 303189-2016E (MAB), 2020 WL 7091332 (N.Y. Sup. Ct. Oct. 5, 2020) (denying summary judgment; although plaintiff may have been negligent by opening driver's side door into the street, there were issues of fact as to whether defendant was comparatively negligent and whether that negligence was a proximate cause of the accident based on speed defendant was driving and fact that he saw plaintiff before impact).

Thus, while it is the rare case where summary judgment is appropriate in a car accident case, the instant action is such a case.  Plaintiff's own deposition testimony indicates that she did not see what she should have seen – a postal truck passing by – and that the door she opened for purposes of getting into the Uber, and was attempting to shut, made impact with the rear passenger side of the postal truck.  It also establishes a violation of VTL § 1214, which means Plaintiff was negligent per se.  Absent evidence from which a reasonable jury could conclude that there was an excuse for Plaintiff's conduct, rendering it reasonable for her to attempt to enter the Uber on the side of moving traffic, or that the postal truck driver had the

opportunity and time to see Plaintiff and avoid making contact with the door she had opened,

summary judgment in favor of Defendant is appropriate.

### CONCLUSION

For the reasons set forth above, Defendant's Motion for Summary Judgment is

GRANTED.

**SO ORDERED.**

Dated: April 26, 2021
        New York, NY

_____
KATHARINE H. PARKER
United States Magistrate Judge